Bradley M. Rose, CA Bar No. 126281
brose@kayerose.com
Frank C. Brucculeri, CA Bar No. 137199
fbrucculeri@kayerose.com
**KAYE, ROSE & PARTNERS, LLP**
723 Palisades Beach Road, Suite 108
Santa Monica, CA 90402
Phone:   (310) 551-6555
Facsimile (310) 551-6577

Attorneys for Defendant
FLEXPORT INTERNATIONAL LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOKIO MARINE AMERICA INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>FLEXPORT INTERNATIONAL LLC<br><br>Defendants. | Case 2:22-cv-00366-YGR<br><br>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FLEXPORT INTERNATIONAL LLC |

Defendant Flexport International LLC ("Flexport" or "Defendant") hereby answers the complaint of plaintiff Tokio Marine America Insurance Company ("Tokio Marine") as follows:

## ANSWER

**1.     Under Federal Rule of Civil Procedure Rule 8(b)(3)–(5), Flexport generally denies each and every allegation of Tokio Marine's complaint except,**

1

**as stated below, where Flexport either expressly denies the identified allegations on the basis that Flexport lacks information sufficient to form a belief as to their truth, or where Flexport expressly admits a specified allegation:**

    2.    As to paragraph 1, FLEXPORT lacks information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

    3.    As to paragraph 2, FLEXPORT admits that it is a corporation in business in the transportation industry within the United States.  FLEXPORT expressly denies the remaining allegations in paragraph 2.

    4.    As to paragraph 3, FLEXPORT lacks information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

    5.    As to paragraph 4, FLEXPORT denies that the court has jurisdiction with respect to Plaintiffs' claims against FLEXPORT either under the Carriage of Goods by Sea Act, pursuant to 28 U.S.C. Section 1331 or 28 U.S.C. Section 1333.

    6.    As to paragraph 6, FLEXPORT lacks information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

    7.    As to paragraph 7, FLEXPORT lacks information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

    8.    As to paragraph 8, FLEXPORT lacks information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

    9.    As to paragraph 9, FLEXPORT incorporates its responses to paragraphs 1-8 of Tokio Marine's complaint.

    10.    As to paragraph 13, FLEXPORT incorporates its responses to paragraphs 1-8 of Tokio Marine's complaint.

    11.    As to paragraph 17, FLEXPORT incorporates its responses to paragraphs 1-8 of plaintiff's complaint.

    As to paragraph 20, FLEXPORT incorporates its responses to paragraphs 1-8 of plaintiff's complaint.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
*(Failure to State a Claim)*

1. Tokio Marine's complaint fails to allege facts sufficient to constitute a valid cause of action against FLEXPORT.

## SECOND AFFIRMATIVE DEFENSE
*(Standing)*

2. On information and belief, Tokio Marine lacks standing and is not the proper party to bring this suit for the alleged loss of or damage to cargo.

## THIRD AFFIRMATIVE DEFENSE
*(COGSA, Harter)*

3. If FLEXPORT has any liability to Tokio Marine in connection with the matters alleged it its complaint, which liability FLEXPORT denies, FLEXPORT claims the right either to be exonerated from such liability or to have its liability limited by the provisions of the Carriage of Goods by the Sea Act ("COGSA"), codified at 46 U.S.C. § 30701 Note § 4(5) (formerly 46 U.S.C.A. § 1304(5)), and the Harter Act, 46 U.S.C. § 30701–30707.

## FOURTH AFFIRMATIVE DEFENSE
*($500 Per Package/CFU Limitation)*

4. To the extent FLEXPORT is found to be a carrier or bound by a bill of lading issued in connection with the subject cargo, its liability for alleged loss of or damage to the cargo, if any, is limited to $500 per package or customary freight unit pursuant to COGSA and the terms of the bills of lading under which the subject cargo was carried.

## FIFTH AFFIRMATIVE DEFENSE
*(Perils of the Sea)*

5. FLEXPORT is not responsible for the alleged loss of or damage to the cargo because the loss or damage was caused by perils, dangers, or accidents of the sea, relieving the carrier of such liability under the general maritime law of the

United States and/or COGSA.

### SIXTH AFFIRMATIVE DEFENSE
*(Bills of Lading)*

6. If and to the extent that FLEXPORT was in fact (or found to be) an issuer of bills of lading covering the shipment of the subject cargo, FLEXPORT is entitled to assert all terms and conditions as stated in or incorporated into those bills of lading, including all provisions limiting FLEXPORT's liability and/or mandating that suit against FLEXPORT be brought only in FLEXPORT's chosen forum in New York.

### SEVENTH AFFIRMATIVE DEFENSE
*(Fault of Others)*

7. The loss of or damage to the subject cargo, if any, was caused wholly or in part by the fault of persons, entities, or events for whose FLEXPORT is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE
*(Comparative Negligence)*

8. The alleged loss of or damage to the subject cargo was caused by the negligence of other parties for whom FLEXPORT is not responsible; principles of comparative negligence reduce the liability of FLEXPORT by the percentage of fault attributable to any of those other parties for whom FLEXPORT is not legally responsible.

### NINTH AFFIRMATIVE DEFENSE
*(Mitigation of Damages)*

9. Tokio Marine has failed to take reasonable steps to mitigate its alleged damages for the loss of or damage to the subject cargo.

### TENTH AFFIRMATIVE DEFENSE
*(Lack of Duty – General Maritime Law)*

10. FLEXPORT does not owe Tokio Marine a duty of care sounding in tort under the General Maritime Law of the United States in the circumstances alleged in its complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
*(Lack of Contractual Privity)*

11. FLEXPORT has no contractual privity with Tokio Marine and therefore owed Tokio Marine no duty or other obligations sounding in contract.

### TWELFTH AFFIRMATIVE DEFENSE
*(Wrong Party Defendant)*

12. FLEXPORT is not the correct party defendant, did not issue a bill of lading in connection with the subject shipment, nor does FLEXPORT have any legal liability to Plaintiffs on account of the incident, events and damages as described in Plaintiff's Complaint herein.

### THIRTEENTH AFFIRMATIVE DEFENSE
*(Common Law Forum Non-Conveniens and/or Enforcement of Contractual Forum Selection Clause in the Applicable Bill of Lading)*

13. Tokio Marine improperly brought its claim for loss of or damage to the subject cargo outside the U.S. District Court for the New York, which forum was prescribed by the terms and conditions of the applicable bills of lading issued by the COGSA carriers. Moreover, the common law doctrine of *forum non conveniens* dictates that the case should be dismissed in favor of the New York District Court forum where the vast majority of claims involving the underlying casualty are already pending.

14. FLEXPORT is not the correct party defendant, did not issue a bill of lading in connection with the subject shipment, nor does FLEXPORT have any legal liability to Plaintiffs on account of the incident, events and damages as described in Plaintiff's Complaint herein.

### FOURTEENTH AFFIRMATIVE DEFENSE
*(COGSA – Exclusive Remedy)*

15. Whether COGSA governs the subject shipment as a matter of law or by virtue of contractual incorporation, Tokio Marine cannot also proceed in tort,

whether in negligence or under theories of bailment or maritime lien, for alleged damages stemming from the shipment of the subject cargo. When it applies, COGSA provides the exclusive remedy for Fluence's alleged cargo damage. [46 U.S.C. § 30701 Note § 4(5) (formerly 46 U.S.C.A. § 1304(5)].

### FIFTEENTH AFFIRMTIVE DEFENSE
### (Improper Venue)

16.  Tokio Marine is barred from pursuing its claims in the Northern District of California because venue is improper in that District. The amended complaint, and each claim contained in it, should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to the proper venue in a District Court in New York.

### PRAYER

FLEXPORT requests that Tokio Marine take nothing by its complaint; that judgment be entered in favor of FLEXPORT; and that FLEXPORT be awarded its costs of suit incurred in defending this action as well as any other relief as the Court may find just and proper.

Dated:  April 7, 2022                     KAYE, ROSE & PARTNERS, LLP


By: /s/ Bradley M. Rose
Bradley M. Rose
Frank C. Brucculeri
Attorneys for defendant Flexport International LLC